IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JENNIFER JOY and MISTY THOMAS, on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA,<br><br>        Defendants. | Case No.  4:23-cv-01590-SEP<br><br>**CLASS ACTION** |

**MOTION TO TRANSFER RELATED CASES**

COME NOW Plaintiffs Jennifer Joy and Misty Thomas ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Class"), by and through their undersigned counsel, and hereby move to transfer to this Court the recently filed *Morgan, et al. v. Higher Educ. Loan Auth. of the State of Mo.,* Case No. 4:24CV147 CDP ("*Morgan*"), now pending before the Honorable Catherine D. Perry in the United States District Court for the Eastern District of Missouri. Plaintiffs bring this motion pursuant to Local Rule 4.03 and Rule 42(a) of the Federal Rules of Civil Procedure.

      1.      Local Rule 4.03 of this Court provides that "[a] party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number," and "[t]he district or magistrate judge presiding in the lowest-numbered case shall rule on the motion. If the motion is granted, the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case." While Plaintiffs do not seek consolidation, the transfer of *Morgan* for coordination would

1

impose similar responsibilities on the Court. Furthermore, Local Rule 4.03 is based on Rule 42 of the Federal Rules of Civil Procedure, which allows not just coordination, but "any other orders to avoid unnecessary cost or delay." This motion is therefore brought within the spirit of Local Rule 4.03 and is required to be filed in the present case, which bears the lower case number.

2. *Morgan* is a class action wherein Plaintiffs Spencer Morgan, Francis Novak, and Rowena Koenig, individually and on behalf of all others similarly situated, have brought suit against MOHELA, Secretary Miguel Cardona, and the United States Department of Education.

3. The Plaintiffs in *Morgan* seek redress for MOHELA's breaches of fiduciary duties, negligence, unjust enrichment, breach of contract, and violations of certain consumer protection statutes in both New York and California. The *Morgan* Plaintiffs further seek redress for the breaches of contract by the Department of Education and Secretary Cardona, and to pursue injunctive relief enjoining MOHELA from its ongoing injurious conduct.

4. The present case is a similarly situated class action, in which Plaintiffs Jennifer Joy and Misty Thomas, individually and on behalf of all others similarly situated, have brought suit against MOHELA. Plaintiffs seek redress for MOHELA's breaches of fiduciary duties, negligence, unjust enrichment, breach of contract, and violations of certain consumer protection statutes in both Colorado and Florida. Plaintiffs further seek injunctive relief enjoining Defendant from its ongoing injurious conduct.

5. These cases share numerous, substantial questions of fact and law, such that transferring *Morgan* to this Court, to be presided over by the same judge, would serve to avoid unnecessary cost and delay. Rule 42(a) of the Federal Rules of Civil Procedure states, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or

trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue *any other orders* to avoid unnecessary cost or delay." [emphasis added].

6. Both cases arise from the same acts of alleged negligence and delay by MOHELA, in which MOHELA allegedly neglected and mishandled the management of borrowers' applications for the Public Service Loan Forgiveness Program in the wake of the resumption of payments the federal government paused during COVID-19 relief efforts. This resulted in borrowers being forced to make payments on loans that should have already been forgiven and gave rise to the injuries in both class actions.

7. The factual overlap for these cases is extensive, as both cases arise from the same conduct by MOHELA. As such, the likely discovery, motion practice, and pre-trial proceedings for both cases will be largely the same. Ordering both cases before the same judge would promote efficiency, preserve resources, and prevent duplicative discovery and inconsistent pre-trial rulings.

8. The Court may exercise its discretion under Rule 42(a) to coordinate these cases in order to "avoid unnecessary cost or delay." *See* Fed. R. Civ. Pro. 42(a). The Manual for Complex Litigation further emphasizes the benefits of related cases being assigned to a single judge, stating, "[a]ll related civil cases pending in the same court should initially be assigned to a single judge to determine whether consolidation, or at least coordination of pretrial proceedings, is feasible and likely to reduce conflicts and duplication." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 20.11 (2004).

9. As such, coordination, rather than consolidation, is anticipated in the Federal Rules of Civil Procedure and encouraged by the Manual for Complex Litigation. Such coordination would be especially beneficial in this case, wherein the cases to be coordinated have substantial factual overlap and the material facts alleged are substantially equivalent. Plaintiffs' counsel is the

3

same in both cases, and the cover sheet marked the cases as related. As a result, it was anticipated that *Morgan* would be assigned to this Court. Coordinating these cases before the same judge would increase efficiency, prevent duplicative discovery, preserve resources, and prevent inconsistent pre-trial rulings.

    WHEREFORE, Plaintiffs respectfully request their Motion to Transfer Related Cases be granted and the Court transfer the recently-filed *Morgan* matter to this Court's docket.

Respectfully submitted,

THE SIMON LAW FIRM, P.C.

*/s/ Amy C. Gunn*
Amy Collignon Gunn, #45016
Anthony G. Simon, #38745
800 Market Street, Ste. 1700
St. Louis, MO 63101
Phone: (314) 241-2929
Fax: (314) 241-2029
agunn@simonlawpc.com
asimon@simonlawpc.com

*Attorneys for Plaintiffs*

AND

Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
Juliette T. Mogenson
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: 888-711-9975
Facsimile: 610-421-1326
jgs@sstriallawyers.com
mds@sstriallawyers.com
jbk@sstriallawyers.com
jtm@sstriallawyers.com

*Attorneys for Plaintiffs*
*(pro hac vice applications to be submitted)*

4

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed via the Court's CM/ECF system, thereby electronically serving it on all counsel of record on this 18th day of March 2024.

/s/ Amy Collignon Gunn
Amy Collignon Gunn