UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNIFER JOY and MISTY THOMAS, *on behalf of themselves and all others similarly situated*, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, *d/b/a MOHELA*, et al., <br><br> Defendants. | Case No. 4:23-CV-1590-ZMB |

## **MEMORANDUM AND ORDER**

Before the Court is the State of Missouri's Motion for Leave to File Amicus Curiae Brief in Support of Defendant MOHELA's Motion to Dismiss, Doc. 28, and Motion to File Amicus Brief, Doc. 41. This matter was originally two separate cases before the Court granted Plaintiffs Jennifer Joy and Misty Thomas's Motion to Consolidate in January 2025. Docs. 20, 32. Several weeks prior, Missouri moved for leave to file an amicus brief in support of a motion to dismiss filed by MOHELA in each of the then-separate cases. Docs. 28, 41. Those motions, and the underlying amici briefs themselves, are functionally identical to each other, only identifying different plaintiffs. *Id*.; *see* Doc. 28-1. Joy and Thomas, and Plaintiffs Spencer Morgan, Francis Novak, and Rowena Koenig ("Plaintiffs") filed their respective, but identical, opposition to Missouri's motions two weeks later, Doc. 29, 42, which Missouri replied, Docs. 30, 43.

Missouri argues that the Court should grant its motions because the State "has a strong interest in the outcome of this litigation given that . . . MOHELA is an instrumentality of Missouri" and its "participation as an amicus curiae will bring to this Court the State's categorical position

on the issue of sovereign immunity; one the current parties are unable to provide." Doc. 28 at 2–3, Doc. 41 at 2–3. Plaintiffs argue that the Court should reject the amici briefs because "the information offered by the State of Missouri is neither timely nor useful" and that "the State of Missouri's proposed brief advocates solely for MOHELA." Doc. 29 at 2–4; Doc. 42 at 2–4.

"District Courts have broad discretion in deciding whether to accept amicus briefs." *Williams v. Centene Corp.*, No. 4:22-CV-216-SEP, 2023 WL 2755544, at *3 (E.D. Mo. Mar. 31, 2023). Generally, courts should accept an amicus brief when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

Plaintiffs' contention that "Missouri does not raise anything useful, or any law, fact, or circumstance that might otherwise escape the Court's consideration" is unavailing. Doc. 29 at 3; Doc. 42 at 3. Missouri's amici briefs notify the Court that Missouri intended MOHELA to function as an arm of the state. Doc. 28-1 at 7–9; Doc. 41 at 7–9. While not dispositive by itself, Courts frequently consider state intention when determining whether Eleventh Amendment immunity should apply to an entity. *See Good v. Dep't of Educ.*, 121 F.4th 772, 822 n.35 (10th Cir. 2024) (collecting cases). Neither Plaintiffs, nor MOHELA for that matter, can define Missouri's position on MOHELA's status. Only Missouri can.

The Court is also not persuaded by Plaintiff's argument regarding timeliness. Plaintiffs cite two out-of-circuit district court cases for the proposition that MOHELA's motions are untimely.[1] Doc. 29 at 2–3 (citing *Church of Celestial Heart v. Garland*, 2024 WL 3569219 (E.D. Cal. July 29, 2024) and *Greater Yellowstone Coal., Inc. v. Servheen*, 2009 WL 10677466 (D. Mont. June 5,

---

[1] Joy and Thomas argue that a 10-month delay is untimely, while Morgan, Novak, and Koenig cite the same authority for the idea a 9-month delay is untimely.

2009)); *see* Doc. 42 at 2–3. However, the instant matter is not comparable to those two cases. In *Garland*, the prospective amicus sought "to file a brief that would be in support of an already adjudicated motion." 2024 WL 3569219, at *1 n.2. In *Servheen*, the prospective amicus sought to file their brief "seven months after the parties completed summary judgment briefing and almost four months after the Court heard oral argument on the matter." 2009 WL 10677466, at *1. Here, Missouri sought leave to file amici briefs in support of motions to dismiss that were still pending and, significantly, shortly after a supplemental authority by Joy and Thomas.[2] *See* Doc. 30 at 2; Doc. 43 at 2. Given the circumstances, the Court deems the motions timely.

Finally, Plaintiffs argue the Court should reject Missouri's amicus briefs because the "proposed brief advocates solely for MOHELA," and the briefs "duplicate[] the arguments made in MOHELA's motion to dismiss and reply briefs."[3] Doc. 29 at 4; Doc. 42 at 4. This argument fails because it does not credit Missouri's independent interest in the preservation of Eleventh Amendment immunity for what it believes to be its instrumentalities. Given that Missouri argues that it intended MOHELA to function as an arm of the state, it is unsurprising that Missouri advances arguments in favor of Eleventh Amendment immunity similar to those advanced by MOHELA. That should not prohibit Missouri from filing an amicus brief.

---

[2] Joy and Thomas provided the Court notice of *Good v. Dep't of Educ.* about a month before Missouri moved for leave to file its amici briefs. Doc. 24. In *Good*, the Tenth Circuit noted that Missouri's brief in *Biden v. Nebraska* was "not a case in which Missouri has submitted a brief directly notifying us of its position as to MOHELA's status; rather, the brief was submitted in an entirely separate matter." 121 F.4th at 822 n.35. Given that holding, it is easy to credit Missouri's claim that the holding in *Good* was relevant to their decision to seek leave to file amici briefs. *See* Doc. 30 at 3; Doc. 43 at 3.

[3] Given Plaintiffs' contention that the "proposed brief reiterates the same arguments that MOHELA [already] made," Doc. 29 at 3; Doc. 42 at 3, it is unclear why they would need to "reserve their right to respond to the substantive arguments," Doc. 29 at 1 n.1; Doc. 42 at 1 n.1. Despite this contradictory position, however, the Court will grant Plaintiffs leave to file a response to the amicus briefs not to exceed 10 pages and no later than February 3, 2026.

3

Thus, the Court grants the first of Missouri's motions for leave to file an amicus brief. Doc. 28. Given that the State's two amicus briefs are substantively identical and that there is no compelling need for both briefs to be docketed, the Court denies Missouri's second motion as moot.

Accordingly, the Court **GRANTS** Missouri's [28] Motion for Leave to File Amicus Curiae Brief in Support of Defendant MOHELA's Motion to Dismiss and **DENIES** as moot Missouri's [41] Motion to File Amicus Brief. Missouri is **ORDERED** to file their [28-1] Amicus Curiae Brief without undue delay. Further, the Court grants Plaintiffs leave to file a response to the amicus brief not to exceed 10 pages and no later than February 3, 2026.

So ordered this 20th day of January 2026.

_____
ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE